E-FILED
Thursday, 05 October, 2017  10:57:33 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BALFOUR, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-1364 |
| DR. A. TILDEN, NURSE STEPHANIE SULLIVAN, and WEFORD, | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Pontiac Correctional Center. He has paid the filing fee in full, but the Court must still review Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.  This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he broke his finger on August 11, 2016, and that he received inadequate care, primarily from the delay in treatment, the incorrect placement of a splint, and the prolonged use of the splint. Plaintiff alleges that his finger has healed incorrectly and that the mobility in his finger is diminished. Plaintiff also alleges delays and refusals in providing him pain medicine.

On these allegations the Court cannot rule out an Eighth Amendment claim against Plaintiff's treating medical professionals—Defendants Tilden and Sullivan. However, no plausible claim is stated against Wexford. Wexford cannot be held liable simply because Wexford employs Tilden and Sullivan, and no plausible inference arises that Wexford itself caused the alleged inadequate medical care through some corporate policy or practice. Perez v. Fenoglio, 792 F.3d 768, 780 (7th Cir. 2015)("a private

corporation cannot be held liable under § 1983 unless it maintained an unconstitutional policy or custom.").

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim against Defendants Tilden and Sullivan. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Defendant Wexford is dismissed, without prejudice.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from

the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by

Defendants. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) **Plaintiff's motion for the Court to appoint counsel is denied (5),** with leave to renew setting forth how far Plaintiff has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

13) **The Clerk is directed to terminate Defendant Wexford.**

14) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

15) **The Clerk is directed to attempt service on Defendants Tilden and Sullivan pursuant to the standard procedures.**

ENTERED: 10/05/2017

FOR THE COURT:

                             s/Sue E. Myerscough
                             SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE